The People of the State of New York, Respondent, 
against
N. Alan Toporovsky, Appellant.



Appeal from a judgment of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), rendered November 24, 2014. The judgment convicted defendant, after a nonjury trial, of leaving the scene of an incident involving property damage without reporting.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instrument is dismissed, and the fine and surcharge, if paid, are remitted.
Defendant was charged by simplified traffic information with leaving the scene of an incident involving property damage without reporting (Vehicle and Traffic Law § 600 [1] [a]), based on an incident that occurred on January 3, 2014 in a parking lot on North Avenue in the City of New Rochelle, Westchester County. Defendant allegedly hit a Toyota he had parked in front of, causing damage to the Toyota.
At a nonjury trial, a City of New Rochelle police officer testified that, the morning after the incident, he had spoken to the owner of a Toyota, who had shown the officer photographs from his cell phone indicating that a vehicle in front of the Toyota was parked "on top" of his Toyota, and that the vehicle was sticking halfway in the parking space and halfway out of the parking space. There was a lot of snow on the ground. The officer also spoke to a person whom the officer identified as the superintendent of the apartment building that was adjacent to the parking lot, who told the officer that he had witnessed the accident. The officer further testified that he had contacted defendant, who was the registered owner of the vehicle that had been parked in front of the Toyota. Defendant admitted that he had struck the Toyota "several times due to the tight parking space," that he "did not look to see if there was any damage" to the Toyota, and that "he left." 
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant's guilt of leaving the scene of an incident involving property damage without reporting was not supported by legally sufficient evidence. Vehicle and Traffic Law § 600 (1) (a) states that "[a]ny person operating a motor vehicle who, knowing or having cause to know that damage has been caused . . . to the personal property . . . of another, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the damage occurred, stop, exhibit his or her license and insurance identification card for such vehicle . . . and give his or her name, residence, including street and [*2]number, insurance carrier and insurance identification information . . . and license number to the party sustaining the damage." If "the person sustaining the damage is not present at the place where the damage occurred," the operator of the vehicle "shall report the same as soon as physically able to the nearest police station, or judicial officer."
The owner of the Toyota and the superintendent of the adjacent apartment building did not testify at trial. Here, the evidence was based solely on the hearsay testimony of the officer, who had not been present at the scene of the incident. Even if the evidence of the statement by defendant that he had left the scene without looking to see if there was any damage to the Toyota is credited, such an admission was not sufficient to establish that defendant had failed to provide the required information to the damaged party, the owner of the Toyota, or to report the information to the nearest police station or judicial officer (see Vehicle and Traffic Law § 600 [1] [a]; CPL 60.50; People v Skelly, 52 Misc 2d 606 [App Term, 2d Dept, 9th & 10th Jud Dists 1966]).
In light of our determination, we need not reach defendant's other contentions.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine and surcharge, if paid, are remitted.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: February 02, 2017